# **EXHIBIT C**

# **Plaintiff's Amended Complaint, filed December 20, 2021**

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

Case 1:21-cv-07090-KAM-CLP   Document 1-3   Filed 12/22/21   Page 2 of 11 PageID #: 22

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
LUCIANO SANTIAGO,

Index No. 714118/2019

Plaintiffs,

**AMENDED**

-against-

**COMPLAINT**

MAKSUD TRAX AGADJANI AND TRAX NYC CORP,

Defendants.
-------------------------------------------------------------------X

Plaintiff, by his attorney, DANIEL KOGAN, as and for a complaint, alleges as follows:

1. At all times mentioned herein, plaintiff, LUCIANO SANTIAGO, has been a resident of the County of Nassau, State of New York.

2. At all times mentioned herein, defendant MAKSUD TRAX AGADJANI (hereinafter referred to as Agadjani) has been a resident of the State of New York.

3. At all times mentioned herein, defendant TRAX NYC CORP., has been a corporation duly authorized to transact business in the State of New York.

4. At all times mentioned herein, defendant TRAX NYC CORP., has been an unincorporated entity duly authorized to transact business in the State of New York.

5. At all times mentioned herein, defendant TRAX NYC CORP., has been a duly authorized trade name for another entity.

6. At all times mentioned herein, defendant AGADJANI is the President of TRAX NYC CORP.

7. At all times mentioned herein, defendant AGADJANI is a manager or agent of TRAX NYC CORP.

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
Case 1:21-cv-07090-KAM-CLP   Document 1-3   Filed 12/22/21   Page 3 of 11 PageID #: 23
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

8. On or about February 5, 2019, inside 604 West 47th Street, in the County and State of New York AGADJANI reported to the New York City Police Department that the plaintiff stole property from the defendants.

9. That as a result of said false claims the plaintiff was arrested for grand larceny in the third degree.

10. That upon a motion to dismiss was made in the New York County Criminal Court. That the complaint was dismissed and sealed on or about May 8, 2019.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION FALSE ARREST OF THE PLAINTIFF

11. The plaintiff hereby repeats and re-alleges all of the allegations contained in paragraphs "1" through" 10 herein above, as though each and every allegation were set forth in its entirety herein.

12. Defendants, as outlined above, made false accusations against the plaintiff, LUCIANO SANTIAGO, on various occasions, in connection with Criminal Court prosecutions.

13. Upon information and belief, based upon the false allegations of defendants, the NYPD was caused to arrest the plaintiff, LUCIANO SANTIAGO, and to confine him as part of such arrest.

14. Defendants, made such aforesaid false allegations against the plaintiff, LUCIANO SANTIAGO, with the express intent of causing the plaintiff to be arrested.

15. The plaintiff, LUCIANO SANTIAGO, was conscious of his arrest and confinement.

16. The plaintiff LUCIANO SANTIAGO, did not consent to his arrest and confinement.

17. The foregoing arrest and confinement of the plaintiff, LUCIANO SANTIAGO, was not privileged since the allegations for the arrest, and the resulting arrest, were all fabricated by the

2

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
Case 1:21-cv-07090-KAM-CLP   Document 1-3   Filed 12/22/21   Page 4 of 11 PageID #: 24
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

defendants, and the subject events upon which the arrest was based never occurred, and there is overwhelming, indisputable evidence supporting same.

18. The defendants, instigated said arrest unlawfully, and gave encouragement importuning the authorities to arrest and confine the plaintiff, LUCIANO SANTIAGO.

19. As a result of the conduct of defendants, as aforesaid, the plaintiff, LUCIANO SANTIAGO, suffered injuries and tortious conduct, including (without limitation) false arrest, loss of liberty, living under threat of loss of liberty, legal fees, loss of earnings, public humiliation and ridicule, shame, server emotional distress and physical suffering.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION NEGLIGENT INFLICTION OF SEVERE EMOTIONAL DISTRESS

20. The plaintiff hereby repeats and re-alleges all of the allegations contained in paragraphs "1" through "17" herein above, as though each and every allegation were set forth in its entirety herein.

21. Defendants, engaged in a course of conduct designed to interfere with the person of the plaintiff, LUCIANO SANTIAGO, as outlined above, to wit; defendants having made numerous false and malicious allegations reports, by alleging lies to said Curt, made false Criminal Allegations to the NPD, thereby causing and inciting the NPD to arrest the plaintiff and to cause him to be charged-with crimes that defendants knew to be false and manufactured by him.

22. Defendants, aforesaid conduct was outrageous and shocking, and exceeded the reasonable bounds of decency.

23. Defendants, aforesaid conduct was extreme and outrageous.

24. Defendants, aforesaid conduct was negligent and caused the plaintiff, LUCIANO SANTIAGO, to suffer severe emotional distress.

25. Defendants, aforesaid conduct was done in complete disregard of the substantial probability of causing severe emotional distress.

26. Defendants, aforesaid conduct caused the plaintiff, LUCIANO SANTIAGO, to suffer severe emotional distress.

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

Case 1:21-cv-07090-KAM-CLP  Document 1-3  Filed 12/22/21  Page 5 of 11 PageID #: 25

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

27. Defendants, engaged in a reckless and negligent conduct aimed at the plaintiff, LUCIANO SANTIAGO.

28. As a result of the conduct of defendants, the plaintiff, LUCIANO SANTIAGO, suffered damages including false arrest, loss of liberty, living under threat of loss of liberty, legal fees, loss of earnings, public humiliation and ridicule, shame, severe emotional distress and physical suffering.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION PRIMA FACIE TORT AND MALICIOUS PROSECUTION

29. The plaintiff hereby repeats and re-alleges all of the allegations contained in paragraphs "1" through "28" herein above, as though each and every allegation were set forth in it entirety herein.

30. Defendants, engaged in a course of conduct designed to interfere with the person of the plaintiff, LUCIANO SANTIAGO, as outlined above, to wit; defendants having made numerous false and malicious allegations and reports, made false Criminal Allegations to NYPD, thereby causing and inciting the NYPD to arrest the plaintiff and to cause him to be charged-with crimes that defendants knew to be false and manufactured by him.

31. Defendants, aforesaid conduct was committed without justification and solely to harm the plaintiff, LUCIANO SANTIAGO.

32. Defendants, aforesaid conduct caused the plaintiff, LUCIANO SANTIAGO, to suffer a financial loss.

33. Defendants, aforesaid conduct was intended to cause the plaintiff LUCIANO SANTIAGO, to suffer financial loss.

34. As a result of the conduct of defendants, the plaintiff, LUCIANO SANTIAGO, suffered financial loss, including, legal fees, loss of earnings, injury to professional reputation.

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

Case 1:21-cv-07090-KAM-CLP   Document 1-3   Filed 12/22/21   Page 6 of 11 PageID #: 26

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

35. To add insult to injury after Plaintiff was for all intents and purposes vindicated because Defendants had full reason to know all their allegations were totally false after he made them but he did not drop the charges.

36. In addition even after police dropped all charges after investigating Defendants did nothing to restore Plaintiffs good name and continue to allow the dissemination of falsehood about Plaintiff on various mediums including the internet.

### FOURTH CAUSE OF ACTION:

### (VIOLATION OF GENERAL BUSINESS LAW § 349)

35. Plaintiff repeats and realleges the allegations of Paragraphs 1-34 as if set forth in full herein.

36. GBL § 349 declares unlawful "[d]exceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York]."

37. By engaging in the acts and practices above, Defendants have engaged in deceptive and misleading practices in violation of GBL § 349 and demanded are treble damages to the statutory cap.

### FIFTH CAUSE OF ACTION

### (DEFAMATION-LIBEL-SLANDER)

38. Plaintiff incorporates each and every allegation of this Complaint and re-alleges them as though they were fully set forth herein.

39. Plaintiff is a reputable businessmen well known within his community.

40. Defendant Maksud Trax Agadjani fancies himself a larger than life character posting items to blogs and the internet as if he is some kind of video start. On or about February 14th of 2020 he posted or republished the following video blog wherein he stated "this individual as Lou

5

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

Case 1:21-cv-07090-KAM-CLP   Document 1-3   Filed 12/22/21   Page 7 of 11 PageID #: 27

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

the Jeweler. He's working for me for six years or so. He's in custody now in the Midtown Precinct for grand larceny. He stole a considerable amount of gold, and we finally caught him red-handed and what he did was, he gained trust here in this business with the intention of stealing. He stole a considerable amount of gold, which of course has a cash equivalency. He stole it in the form of gold chains, melted it down, used it to fund a ridiculous lifestyle and a variety of different things."

41. Plaintiff Lucian Santiago is widely known in the Hip Hop Community and elsewhere as Lou the Jeweler.

42. Also posted or republished on that date was again Defendant Maksud Trax Agadjani positioning himself as the mother Theresa of jewelers He rambled on " and sometimes it worked and it worked out great, and specific times it didn't, and this is one of those times that it didn't.

Lou saw that I was a trusting person. He saw who I was. He buddied up with me. He'd get me a bottle. He'd be there if I needed him. He'd always do the extra work, never complain, but that was all for one specific reason: To get closer and closer and closer and to rob me on the back end.I gave him absolute trust. Absolute trust in so many different ways. We have a small business. It's not a casino where you could clock in and log in, in specific ways, and you're tracked [inaudible] for justice and for what's right. I'm a trusting person trying to build a business. I'm trying to do the right thing. I'm trying to teach people about jewelry. This person is something different. There's something called good. There's something called evil. I'm not going to say which one I am, but you could figure that out on your own. What I got to do is what I see is right, and that's restitution for myself and everybody else."

43. And further Defendant Maksud Trax Agadjani given to pontificating stated I'm getting a positive result on several fronts in regards to my case, the theft that occurred in my office. I just wanted to entertain you with this information. I also want to disclose that I have several

matters that I need to resolve with these beasts, a lot of them. They think it's a fucking game to

steal. Here we have an honest business, provide goods and services in the jewelry sector across the

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
Case 1:21-cv-07090-KAM-CLP   Document 1-3   Filed 12/22/21   Page 8 of 11 PageID #: 28
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

country and across the world. Very simple. Honest pay. Honest work. Honest prices, but I have to

calculate the savagery of these disgusting [inaudible]. The tactics that they use for fraud is

breach of trust. That's the tactic that they use for fraud. Breach of trust. You can't fucking

trust these pieces of fucking shit is the bottom line. You gotta put your foot on their throat,

figuratively speaking.

44. Defendants deliberately sought to damage and destroy Plaintiff's reputation and personal wellbeing by deliberately, knowingly and/or recklessly posting, publishing, and disseminating these lies on social media video postings containing false statements accusing Plaintiffs of being a thief which was patently and unequivocally false.

45. Each and every statement accusing Plaintiffs of being a thief is entirely false as it pertains to Plaintiffs. Each and very statement suggesting that the Plaintiff was fraudsters or are involved in illegal activity was likewise false.

46. The Defendants' statements was libelous on its face insofar as it clearly exposes Plaintiff to hatred, contempt, ridicule and obloquy because it accuses Plaintiff of something horrendous in the eyes of the community and in terms of the fraud allegations in the business community.

47. The statement was seen and read from on or about February 14th 2020, and through to the present day, by innumerable people via the internet.

48. As a proximate result of the above-described publication, Plaintiff has suffered a loss of reputation, spoiling of his brand, loss of income and revenue, shame, mortification, and injury to her feelings, all to her damage and detriment in a total amount to be established by proof at trial.

49. The above-described statement, publication or republication was not privileged because it was published by Defendants with malice, hatred, and ill will toward Plaintiffs and the desire to injure him. Because of Defendants' malice in publishing these false statements, Plaintiff seeks punitive damages in the amount of $10 million or a total amount to be established by proof at trial.

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

Case 1:21-cv-07090-KAM-CLP   Document 1-3   Filed 12/22/21   Page 9 of 11 PageID #: 29

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

## SIXTH CAUSE OF ACTION

### (DEFAMATION-LIBEL-SLANDER PER SE)

50. Plaintiff incorporates each and every allegation of this Complaint and re-alleges them as though they were fully set forth herein.

51. Plaintiff is a reputable businessman.

52. As noted above Defendants deliberately sought to damage and destroy Plaintiff's reputation and personal wellbeing by deliberately, knowingly and/or recklessly posting, publishing, and disseminating articles and social media postings containing false statements accusing Plaintiffs of something horrendous in the eyes of the Pakistani community and in terms of the fraud allegations in the business community. This is patently and unequivocally false.

53. The Statement referred to Plaintiff by name throughout, was made of and concerning the Plaintiffs and was so understood by those who read or heard the Statement. Note again that Lou the Jeweler is **Luciano** Santiago's professional name within the Hip Hop and Wrap Community which are major repeat customers of his and many former customers who saw Defendants Video postings reported back to Plaintiff he was being called a thief.

54. Each and every statement accusing Plaintiffs of being a thief is entirely false as it pertains to Plaintiff. Each and very statement suggesting that Plaintiff is involved in any illegal activity is likewise false.

55. The Defendants' statement was libelous on its face insofar as it clearly exposes Plaintiff to hatred, contempt, ridicule and obloquy because it accuses Plaintiff of being a spy or fraudster.

56. The statement was seen or read or heard from February 14th 2020 and through to the present day people all around the world, via the internet.

57. As a proximate result of the above-described publication, Plaintiffs have suffered a loss of reputation, spoiling of their brand, loss of income and revenue, shame, mortification, and injury to their feelings, all to their damage in the total amount to be established by proof at trial.

58. The above-described publication is not privileged because it was published by Defendants with malice, hatred, and ill will toward Plaintiff and the desire to injure her. Because

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

Case 1:21-cv-07090-KAM-CLP   Document 1-3   Filed 12/22/21   Page 10 of 11 PageID #: 30

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

of Defendants' malice in publishing these false statements, Plaintiff seeks punitive damages in the amount of $1 million or a total amount to be established by proof at trial.

## SEVENTH CAUSE OF ACTION

**(False imprisonment under 42 U.S.C. § 1983 as to all Defendants)**

59. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as though fully set forth herein.

60. Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally detaining Plaintiff.

61. The wrongful, unjustifiable, and unlawful detention of Plaintiff was carried out without Plaintiff's consent, and without justification.

62. At all relevant times, Defendants acted forcibly in physical detaining Plaintiff.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, the plaintiff, LUCIANO SANTIAGO, respectfully demands judgment over and against the defendants, MAKSUD TRAX AGADJANI and TRAX NYC CORP., as follows:

A. On his First Cause of Action, that the defendants are liable for committing a False Arrest against the plaintiff, LUCIANOSANTIAGO, and awarding damages to the plaintiff in an amount which is no less-than $5,000,000 (along with additional punitive damages in an amount to be determined by a Jury);

B. On his second Cause of Action, the defendants are liable for committing an NEGLIGENT Infliction Of Severe Emotional Distress against the plaintiff, LUCIANO SANTIAGO, and awarding damages to the plaintiff in amount which is no less-than $5,000,000 (along with additional punitive damages in an amount to be determined by a Jury);

9

FILED: QUEENS COUNTY CLERK 12/20/2021 05:58 PM
NYSCEF DOC. NO. 32
INDEX NO. 714118/2019
RECEIVED NYSCEF: 12/20/2021

Case 1:21-cv-07090-KAM-CLP Document 1-3 Filed 12/22/21 Page 11 of 11 PageID #: 31

FILED: QUEENS COUNTY CLERK 09/27/2021 06:04 PM
NYSCEF DOC. NO. 27
INDEX NO. 714118/2019
RECEIVED NYSCEF: 09/27/2021

C. On this third Cause of Action, that the defendants are liable for committing an Prima Facie Tort/Interference with Person, against the plaintiff, LUCIANO SANTIAGO, and awarding damages to the plaintiff in an amount which is no less-than $5,000,000 (along with additional punitive damages in an amount to be determined by a Jury);

D. On all of his Causes of Action, for such other and further relief as to this Court may deem just and proper, including Counsel Fees on this Action.

Dated: Ozone Park, New York

September 14th 2021

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Ozone Park, New York
September 10, 2021

DANIEL KOGAN, ESQ.

Attorneys for Plaintiff
Address 94-09 101 Avenue Ozone Park,
New York 11416-2301
718-845-2881
dkoganlaw@gmail.com