UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUCIANO SANTIAGO,

                           Docket No.: 21 CV 7090 (KAM)(CLP)

            Plaintiff,

                           **MOTION TO ENFORCE**
    -against-                     **SETTLEMENT AGREEMENT**

MAKSUD TRAX AGADJANI and TRAX
NYC CORP.,

            Defendants.
------------------------------------------------------------X

The Plaintiff, by and through the undersigned counsel, moves for an order enforcing the settlement agreement in this matter. The Plaintiff moves for this relief because the parties reached a settlement agreement for $180,000.00. A memorandum of law is submitted in support of this motion. An Exhibit is attached to the memorandum of law. It is respectfully submitted that the Court grant the motion to enforce the settlement agreement.


Dated: Bayside, New York
         February 22, 2024

                                      THE PLAINTIFF,

                                      By: Allan W. Jennings, Esq.
                                      Law Offices of Allan W. Jennings
                                      42-40 Bell Blvd., Suite 601
                                      Bayside, New York 11361
                                      (917) 692-9790

## CERTIFICATION

This hereby certifies that a copy of the foregoing was electronically transmitted by fax or mailed, postage prepared, on this 22 day of February, 2024, to:

MAXSUD TRAX AGADJANI, Pro Se
64-33 98th Street
Rego Park, New York 11374

TRAX NYC CORP., Pro Se
62 West 47th Street, Suite 14A
New York, New York 10036

_____
Allan W. Jennings, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUCIANO SANTIAGO,

                           Docket No.: 21 CV 7090 (KAM)(CLP)

            Plaintiff,

                           **MEMORANDUM OF LAW IN**
   -against-                     **SUPPORT OF MOTION TO**
                           **ENFORCE SETTLEMENT**
                           **AGREEMENT AGAINST THE**
MAKSUD TRAX AGADJANI and TRAX     **PLAINTIFF**
NYC CORP.,

           Defendants.
-------------------------------------------------------------X

      The plaintiff, by and through the undersigned counsel, moves to enforce the settlement of this matter in the amount of $180,000.00. As set forth in more detail herein, the parties entered into an agreement to settle this matter and the Defendants has now reneged on moving forward with the settlement.

### I. BACKGROUND

      On October 31, 2023 the parties appeared before U.S. Magistrate Judge Cheryl C. Pollak at a settlement conference. The Attorney for the Defendant Scott Himes represented that his client has agreed to settle the matter and had agreed to a settlement amount.

      The parties stated to the court that while they had agreed to the amount, they had yet to hash out a payment plan term but would do so in short order.

      Within a week early in November of 2023 the parties came to an agreement on the payment terms as follows: Settlement amount of $180,000.00, payments of $30,000.00 per month for six months, and a confession of judgement for $650,000.00.

Both Plaintiff's and Defendants' counsel contributed many hours to drafting the settlement agreement, check agreement and the confession of judgement.

This agreement was memorialized on or about November 8th 2023 when the parties completed for presentation to the court under seal a private settlement of all claims and counterclaims in the case indicating in pertinent part that:

> "Defendants have agreed to pay, and Plaintiff has agreed to accept, a total of $180,000, payable over approximately six months, in settlement of all claims and counterclaims in the case, subject to the Settlement Agreement's terms. The parties advise the Court that the settlement was heavily negotiated among counsel for the parties over several months (or more) of hard-fought negotiations. Both sides made significant compromises and concessions. Importantly, the Court's approval determination should be informed by two overarching considerations: (i) Plaintiff's FLSA rights and claims, due to prior rulings, are extremely limited in scope, being worth almost nothing; and (ii) the parties are mainly settling the numerous non-FLSA claims and counterclaims, which predominate [the] case and the settlement."

In addition, in the e-mail transmitting the above referenced joint letter to Plaintiff Counsel for Defendants in pertinent part advised that Defendants' Offer of Partial Judgment be included as Exhibit B and that he should have the Agreement as executed by Maksud on Monday.[1]

In turn, on or about November 17th 2023 (ECF Doc 35), November 29th 2023 (ECF DOC 36) and December 11th 2023 (ECF Doc 37) counsel for the Defendants and the Plaintiffs apprised the court of that they had a deal. With these assurances Plaintiff signed and executed his signature and the settlement agreement, Cheeks agreement, and the confession of judgement and awaited countersignature by Defendants.

---

[1] Unfortunately, this letter was not uploaded to ECF. It nonetheless memorializes the fact that "the parties jointly request this Court's approval of the settlement. Defendants' counsel has participated fully in the preparation of this application." This letter was finalized by Counselor Hines so for all intents and purposes it's a Stipulation of Settlement with the settlement being subject to the court's approval. Moreover it is in writing with sufficient terms to be fully enforceable.

After waiting for approximately 3 weeks, Plaintiff's counsel was notified by Defendants' counsel that the Defendants not only had not executed the documents but in fact had terminated their representation.

Wherefore we seek to compel and force the Defendants to honor the agreed upon settlement.

## II.   ARGUMENT

The Supreme Court has held that "[a] trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous ... Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of judgement in the original suit." (Citation omitted; internal quotation mark omitted.) Audubon Parking Associates Ltd. Partnership v. Barclay & Stubbs, Inc., 225 Conn. 804, 811 (1993). "Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to avoid a trial." (Empasis in original.) Id. To form a valid contract, there must be a mutual understanding of the terms that are definite and certain. Rosenbilt v. Laschever, 115 Conn. App. 282, 288 (2009).

The Appellate Division 2nd Dept in Amerally v Liberty King Produce, Inc., 170 AD3d 637, 638 noted that "Stipulations of settlement are favored by the courts and not lightly cast aside" ( Hallock v. State of New York, 64 N.Y.2d 224, 230, 485 N.Y.S.2d 510, 474 N.E.2d 1178 ; see Lopez v. Muttana, 144 A.D.3d 871, 871, 41 N.Y.S.3d 113 ; Yan Ping Liang v. Wei Xuan Gao, 118 A.D.3d 696, 697, 986 N.Y.S.2d 857 ). A settlement agreement that is not made in open court "is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced

to the form of an order and entered" ( CPLR 2104 ). Here, the settlement agreement complied with the requirements of CPLR 2104, as it was in writing and subscribed to by the attorneys for both parties."

"A stipulation made by the attorney may bind a client even where it exceeds the attorney's actual authority if the attorney had apparent authority to enter into the stipulation" ( Davidson v. Metropolitan Tr. Auth., 44 A.D.3d 819, 819, 844 N.Y.S.2d 359 ; see Hallock v. State of New York, 64 N.Y.2d at 231, 485 N.Y.S.2d 510, 474 N.E.2d 1178 ). Here, the plaintiff is bound by the settlement agreement signed by her former attorney. Even if the attorney lacked actual authority to enter into the settlement agreement on the plaintiff's behalf, a finding that he had the apparent authority to do so is warranted by the facts" (see Anghel v. Utica Mut. Ins. Co., 164 A.D.3d 1294, 82 N.Y.S.3d 541 ).

In Amerally the plaintiff's former attorney participated in the mediation with the plaintiff's knowledge and consent, and represented to the mediator and to defense counsel that a representative from his office had spoken with the plaintiff and obtained authority to settle the action for the sum of $ 150,000. Additionally, the law firm that employed the attorney who participated in the mediation was the plaintiff's attorney of record in the action, and attorneys from that law firm signed and verified the summons and complaint and signed and certified a note of issue filed in the action (see Chae Shin Oh v. Jeannot, 160 A.D.3d 701, 702–703, 74 N.Y.S.3d 73 ; Stoll v. Port Auth. of N.Y. & N.J., 268 A.D.2d 379, 379–380, 701 N.Y.S.2d 430 ).

Here the defendant's former attorney participated in the settlement conference and represented to the court and to Plaintiffs counsel that Plaintiff had agreed to the settlement. At this time he has disclosed to Plaintiffs attorney that his client had agreed to a $180,000 payment amount over time. When the payment terms were finalized he jointly apprised the court of the

same. His former client then reneged on the settlement refusing to countersign the instruments signed in good faith by Plaintiff.

"The party seeking to vacate or set aside a stipulation of settlement has the burden of establishing good cause sufficient to invalidate a contract, such as that the stipulation was the result of duress, fraud, or overreaching, or that the terms of the stipulation were unconscionable, in order to be relieved from the consequences of the stipulation" ( Pieter v. Polin, 148 A.D.3d 1191, 1192, 50 N.Y.S.3d 498 ).

Here Defendant reneged on an agreement to settlement made in open court and then memorialized by a joint letter devised by his then counsel. This joint letter in turn memorialized all the key terms outlined in the settlement agreement, Cheeks agreement, and the confession of judgement signed by the Plaintiff previously shared with this court.

While New York law strongly favors written settlement agreements - agreements reflected in the exchange of letters or emails are enforceable provided that the letters or e-mails contain all the essential elements of a legally binding contract: an offer, an acceptance, an intention to create a legal relationship, and some form of consideration. (see, for example, Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC, No. 04 CIV. 1621 (KMW), 2005 WL 1377853 (S.D.N.Y. June 9, 2005). There the court found that two e-mails between parties constituted a valid, binding settlement agreement; Denburg v. Parker Chapin Flattau & Klimpl, 624 N.E.2d 995, 1000 (N.Y. 1993)).

Clients are bound by the acts of their counsel if there is authority to act to on their behalf. In Tirreno v. The Hartford, 161 Conn. App. 678, 680-81 (2015), The Appellate Court observed that "it [was] hornbook law that clients generally are bound by the acts of their attorneys" and an attorney with apparent authority may enter into a settlement agreement that is binding on the

client. Id. at 685. "[A]n attorney with apparent authority may enter into a settlement agreement that is binding on the client." Id. at 685.

In the instant case it was always anticipated that this court would approve a final settlement because of the inclusion of the Fair Labor Standards Act (FLSA) claims even though the balance of claims made and settled predominate. In Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) (Cheeks), the United States Court of Appeals for the Second Circuit concluded that "in light of the unique policy considerations underlying the FLSA", the FLSA is an "applicable federal statute" under rule 41 such that settlements involving stipulated dismissal of FLSA claims with prejudice must be approved by the district court …"

The court will review the fairness of the proposed settlement in accordance with applicable law and either approve or reject the proposed settlement. Settlement authority, may be either express or implied (Hallock v. State of New York, 474 N.E.2d 1178, 1178 (N.Y. 1984) See also Hallock at 1178 where a settlement agreement agreed to by counsel was found binding on plaintiff because plaintiff's counsel had apparent authority to bind him.

It is anticipated that Attorney Himes, if ordered to appear, will testify that he attended the Settlement Conference on October 31, 2023 on behalf of the Defendants where he had the authority to negotiate a settlement for the subject matter on their behalf. It is further anticipated that Attorney Himes will testify that an offer of $180,000.00 was made by the undersigned counsel with the approval of the Defendant, Agadjani. Attorney Himes discussed the offer with the Defendant and the Defendant agreed to pay the amount in full and final settlement of this matter. The undersigned is prepared to testify that $180,000.00 was offered by the Defense to the Plaintiff through Attorney Himes. The undersigned will further testify that Attorney Himes advised he discussed the offer with the Defendant, Agadjani, and the offer was subsequently

accepted. There was no reason to doubt that Attorney Himes had the authority to negotiate a settlement on behalf of the Defendants.

It is submitted that based on the above anticipated testimony and the referenced email that the terms of the settlement agreement reached on October 31, 2023 are sufficiently clear and unambiguous so as to be enforceable as a matter of law. Defendant's Counsel had authority to negotiate the subject settlement. The Defendant is attempting to back out of a settlement agreement that was reached in this case. It is respectfully submitted that the Court should grant the motion to enforce the settlement agreement.

Dated: Bayside, New York
       February 22, 2024

                                         THE PLAINTIFF,

                                         By: Allan W. Jennings, Esq.
                                         Law Offices of Allan W. Jennings
                                         42-40 Bell Blvd., Suite 601
                                         Bayside, New York 11361
                                         (917) 692-9790

## **CERTIFICATION**

This hereby certifies that a copy of the foregoing was electronically transmitted by fax or mailed, postage prepared, on this 22nd day of February, 2024, to:

MAXSUD TRAX AGADJANI, Pro Se
64-33 98th Street
Rego Park, New York 11374

TRAX NYC CORP., Pro Se
62 West 47th Street, Suite 14A
New York, New York 10036

_____
Allan W. Jennings, Esq.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIANO SANTIAGO, | Civil Action No.: 21-CV-7050 (KAM)(CLP) |
| Plaintiff, | |
| v. | ECF CASE |
| MAKSUI TRAX AGADJANI And TRAX NYC CORP. | |
| Defendants. | |

## DECLARATION OF LUCIANO SANTIAGO

LUCIANO SANTIAGO, being duly sworn deposes and says:

1. I am the plaintiff in the above captioned matter and as such am fully familiar with all of the facts and circumstances that pertain to this matter.

2. On October 31, 2023, the above captioned parties appeared for a settlement conference together with their respective attorneys.

3. The attorney for the defendant represented to the Court that his client has agreed to settle the matter for a stipulated amount.

4. On or about November 6, 2023 the parties came to an agreement on the payment terms as follows: settlement amount of $180,000.00 with payments of $30,000.00 per month for six months with a confession of judgment for $650,000.00 to assure payment.

5. Both plaintiff's counsel and defendant's counsel spent numerous hours drafting a settlement agreement, payment agreement and a confession of judgment.

6. On or about November 20, 2023, as plaintiff I signed and executed the settlement agreement, a Cheeks arrangement and the confession of judgment .

7. After waiting for approximately three (3) weeks, my counsel was notified that the defendant

did not execute the documents and in fact terminated their attorney's representation..

8. As a result of this steadfast refusal to formalize the stipulation of settlement we are asking this court to hold a hearing to determine the enforceability of the stipulation. There is precedent for this as my attorney's memorandum of law will attest.

Dated: Bayside, New York
February 16, 2024

_____
LUCIANO SANTIAGO

Sworn to Before Me this 21st Day of February, 2024

_____
Notary Public

Robert F. Giusti
Notary Public, State of New York
No. 02GI6035222
Qualified in Queens County
Commission Expires 09/25/2026