```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

LUCIANO SANTIAGO,

                Plaintiff,                  Order Modifying Report and
                                            Recommendation
     - against -
                                            No. 21-CV-7090(KAM)(CLP)
MAKSUD TRAX AGADJANI and
TRAX NYC CORP.,

                Defendants.

-----------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Luciano Santiago ("Santiago" or the "Plaintiff") commenced this action in Queens County Supreme Court against Defendants Maksud Agadjani ("Agadjani") and Trax NYC Corp. ("Trax") on August 15, 2019.  (ECF No. 1-1, Plaintiff's Verified Complaint ("Compl."); *see also* ECF No. 1, Notice of Removal.) Plaintiff filed an Amended Complaint on December 20, 2021, which added a variety of claims, including a claim under 42 U.S.C. § 1983.  (*See generally* ECF No. 1-3, Amended Complaint ("FAC").) Defendants removed the case to this Court on December 22, 2021, pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3), based on the newly added federal claim.  (*See* ECF No. 1, Notice of Removal.) Plaintiff further amended his pleadings following removal, and the operative complaint, the Second Amended Complaint, was filed on March 1, 2023.  (*See* ECF No. 28, Second Amended Complaint ("SAC").)

Currently pending before the Court is Plaintiff's motion to enforce the settlement allegedly reached between the parties in November 2023.  (ECF No. 44, Plaintiff's Motion to Enforce the Settlement Agreement ("Pl. Mot.").)  The Court referred the motion to Magistrate Judge Pollak for a Report and Recommendation.  (Docket Order dated Feb. 27, 2024.)

Magistrate Judge Pollak has issued a thorough and well-reasoned Report and Recommendation to grant Plaintiff's motion in part and deny it in part.  (ECF No. 48 Report and Recommendation dated July 26, 2024 ("R&R").)  Defendant Agadjani, proceeding *pro se*, submitted objections to the R&R on August 12, 2024.  (ECF No. 51, Defendant Agadjani's Objections ("Obj.").)  For the reasons stated below the Court modifies Magistrate Judge Pollak's recommendation, denies' Plaintiff's motion without prejudice to its being refiled, and schedules the parties for an evidentiary hearing to address the authority of Defendants' former counsel to enter into a settlement agreement.  *See Gomez v. City of New York*, 805 F.3d 419, 424 (2d Cir. 2015) ("Because the presumption that an attorney-of-record has authority to settle a case is rebuttable, the district court should not have denied [plaintiff's] motion without holding an evidentiary hearing to address [his former attorney's] authority to dismiss [plaintiff's] claims.").

2

**BACKGROUND**

**I. Factual and Procedural Background**

The Court assumes the parties' familiarity with the extensive facts thoroughly recounted in the R&R. (*See generally* R&R.) For present purposes, the Court reiterates only the procedural background and facts relevant to Defendants' objections.

The present motion to enforce the settlement agreement represents the capstone of more than five years of litigation between the parties to the instant case. Plaintiff Santiago initially brought suit against Defendants on August 15, 2019, in New York state court, alleging that Defendants falsely reported to the police on February 5, 2019, that Santiago, a jewelry salesman employed by Trax, stole Trax merchandise, causing Santiago to be arrested and charged with theft. (Compl. ¶ 8.) Plaintiff alleged in his complaint that the resulting criminal charges were dismissed on May 8, 2019, and asserted three causes of action in his initial complaint – false arrest, intentional infliction of severe emotional distress, and prima facie tort. (*See generally id.*) The law firm of Kishner Miller Himes, P.C., by Scott Himes, Esq., appeared on behalf of Defendants in the state court action, and filed a motion to dismiss Plaintiff's complaint on October 30, 2019. *See Santiago v. Agadjani*, No. 714118/2019, 2019 WL 9143394 (Defendants' Memorandum of Law in Support of Motion to Dismiss dated October 30, 2019). Scott Himes continued to represent

3

Defendants through more than four years of litigation until the instant dispute regarding execution of the settlement agreement arose in the instant case.

Defendants' state court motion to dismiss was granted in part and denied in part, with the state court judge dismissing only the intentional infliction of emotional distress claim. *Santiago v. Agadjani*, No. 714118/2019, 2020 WL 3507693, at *4 (N.Y. Sup. Ct., Queens County, May 15, 2020). Plaintiff subsequently filed an Amended Complaint on December 20, 2021, which added several new factual allegations relating to allegedly defamatory statements by Defendants, among other things, along with additional causes of action, including one claim pursuant to 42 U.S.C. § 1983. (*See generally* FAC.) On December 22, 2021, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3), based on the newly added federal claim. (*See* ECF No. 1, Notice of Removal.)

Since the time that the instant case was removed to federal court, the parties continued to aggressively litigate the matter. Most relevant to the instant case, Plaintiff moved for leave to amend on August 23, 2022, and the Court, adopting Magistrate Judge Pollak's well-reasoned Report and Recommendation, granted in part, and denied in part Plaintiff's motion. (Docket Order dated February 27, 2023.) Plaintiff filed the SAC on March 1, 2023, (*see* SAC), and Defendants answered on March 15, 2023, and also

4

asserted a series of counterclaims against Plaintiff under the faithless servant doctrine and Section 70-a of the New York Civil Rights Law, (see ECF No. 29, Defendants' Amended Answer).  The parties proceeded to discovery under the supervision of Magistrate Judge Pollak, and later requested a referral to mediation, as well as a settlement conference.  (See ECF Nos. 31-34.)  By October 24, 2023, counsel for Defendants advised Magistrate Judge Pollak that although "progress has been slow and incremental . . . counsel is optimistic on a potential resolution."  (ECF No. 34.)

Counsel for the parties participated in a settlement conference before Magistrate Judge Pollak on October 31, 2023, and a settlement was reached during the conference.  (Minute Entry dated November 1, 2023.)  Counsel for Defendants thereafter wrote to the Court on November 17, 2023, reaffirming that the parties had "agreed upon a settlement in principle" and stating that the parties were "continuing their discussions to reach a mutually acceptable payment plan."  (ECF No. 35.)  Counsel for Defendants provided a further update on November 29, 2023, explaining that "[t]he parties have agreed upon the terms of settlement" and that the settlement agreement was "being finalized for execution by the parties."  (ECF No. 36.)  The Defendants' letter further explained that the settlement would resolve all claims asserted in the instant litigation.  (*Id.*)

On December 11, 2023, counsel for the Plaintiff submitted a

5

letter in response to Magistrate Judge Pollak's order directing the parties to show cause as to why the settlement terms should be filed under seal. (ECF No. 37.) Plaintiff's counsel explained that the *Cheeks* motion for approval of the settlement had been prepared, but that Defendants had yet to execute the settlement agreement, so it could not yet be submitted. (*Id.*) Counsel for the Defendants subsequently moved to withdraw as attorneys, citing a "complete breakdown of the attorney-client relationship." (ECF No. 38.) Magistrate Judge Pollak held a hearing to discuss the motion to withdraw on February 7, 2024, and granted Defendants' counsel's motion after explaining the consequences of the action to Defendant Agadjani, who appeared in person for the hearing. (ECF No. 43.) Magistrate Judge Pollak further explained to Defendant Agadjani that "he will not be permitted to represent Trax in this proceeding, as corporations may not appear in federal court without counsel." (*Id.*) Magistrate Judge Pollak also ordered Plaintiff to file any motion to enforce the settlement or seek sanctions by February 23, 2024. (*Id.*) Plaintiff filed the motion to enforce the settlement on February 22, 2024. (Pl. Mot.) Defendant Agadjani, proceeding *pro se*, responded by filing a counter motion, which opposed Plaintiff's motion, on March 18, 2024. (ECF No. 45, Defendant's Counter Motion ("Def. Opp.").)

## LEGAL STANDARD

In reviewing a report and recommendation, the district court

6

may accept, reject, or modify its findings and recommendations in whole or in part. 28 U.S.C. § 636(b)(1)(C). If no timely objection is filed, the district court "need only satisfy itself that there is no clear error on the face of the record." *May v. Levy*, 659 F. Supp. 3d 323, 332 (E.D.N.Y. 2023) (citation omitted). When a party objects to an R&R, the Court must review *de novo* those recommendations in the R&R to which the party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Where a party does not object to a portion of the R&R, the Court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, No. 00-CV-8936 (DLC), 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)). "Where the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and

7

recommendation strictly for clear error." *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 46 (E.D.N.Y. 2015) (internal quotation marks and citation omitted).  "Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 370 (E.D.N.Y. 2014) (internal quotation marks and citation omitted).

## DISCUSSION

As an initial matter, the Court notes that only Defendant Agadjani has objected to Magistrate Judge Pollak's R&R.  Defendant Trax has not been represented by counsel since its counsel withdrew on February 7, 2024, and may not appear before this court *pro se*.  *See Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006) ("a corporation may not appear in a lawsuit against it except through an attorney").  Indeed, Defendant Trax may be found in default if it fails to appear by counsel.  *Id.*  ("where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it").  Nonetheless, the Court will consider the arguments made by Defendant Agadjani in determining whether the settlement agreement should be enforceable against both Defendants, which at the time of the settlement agreement were represented by the same counsel.

8

I.   **Magistrate Judge Pollak's Findings**

In the R&R, Magistrate Judge Pollak concluded that the settlement agreement between the parties in the instant case should be enforced "over defendants' objections." (R&R at 7.) Magistrate Judge Pollak found that "the parties first reached an agreement in principle to resolve this case during a settlement conference held before [Magistrate Judge Pollak] on October 31, 2023." (*Id.* at 9.)  It is not clear from the record that Defendant Agadjani was present in person or by phone at the settlement conference in his individual or corporate capacity. (*See* Minute Entry dated November 1, 2023.)  During that conference, "counsel for the parties agreed to a total settlement amount and agreed that the settlement would encompass all claims and counterclaims." (*Id.*)  The only issue left unresolved at the settlement conference was "a mutually acceptable payment plan" and the finalization and execution of a written agreement. (*Id.* at 10.)

The payment plan was still under consideration as of November 17, 2023, and thus the parties "arguably had not reached a binding settlement agreement at that time." (*Id.*)  Magistrate Judge Pollak noted that the parties subsequently reached an agreement on the payment terms by November 29, 2023, when Defendants' then-counsel filed a joint letter representing that the parties "have agreed upon the terms of settlement." (*Id.*)  Defendants' then-counsel confirmed in a communication to Plaintiff's counsel that

9

"[d]efendants have agreed to pay, and [p]laintiff has agreed to accept, a total of $180,000, payable over approximately six months, in a settlement of all claims and counterclaims in the case." (*Id.*)

In light of the representations by counsel for the parties, Magistrate Judge Pollak found that "even if the parties had not entered a binding preliminary agreement at the settlement conference itself, they had done so as of November 29, 2023, as they had reached an agreement on all key settlement terms." (*Id.* at 11.) Magistrate Judge Pollak further found that "[t]here is nothing in the record to suggest that either party had expressed an 'intent not to be bound' until defendants had [executed the Agreement]." (*Id.* at 13.) Evaluating the remaining factors regarding whether the agreement was enforceable notwithstanding the absence of a fully executed written contract, Magistrate Judge Pollak concluded that the majority of the factors, including the most important factor (whether there has been an express reservation of the right not to be bound in the absence of a writing), weighed in favor of enforcement, and thus the settlement agreement was enforceable. (*Id.* at 16.)

Magistrate Judge Pollak next considered whether Defendants' then-counsel, Scott Himes, had the authority to enter into the settlement agreement on behalf of Defendants. (*Id.*) Magistrate Judge Pollak noted that "[a]lthough Mr. Agadjani now insists that

10

he never agreed to settle this case on these terms . . . Mr. Agadjani has not offered any contrary evidence to suggest that up until Mr. Himes was discharged, [Mr. Himes] lacked authority to negotiate a settlement on the defendants' behalf, or that during the period between October 31, 2023, and December 7, 2023, Mr. Himes was not acting with the authority of his clients." (*Id.*) Magistrate Judge Pollak concluded that "during the period in which the terms of the Agreement were agreed upon and reduced to writing, Mr. Himes was acting with at least the apparent authority of his clients." (*Id.* at 17.) As a result, Magistrate Judge Pollak found that "while there may have been a misunderstanding between Mr. Agadjani and Mr. Himes with respect to defendants' expectations for the case, none of Mr. Agadjani's allegations support the conclusion that Mr. Himes lacked the authority to enter into a binding settlement agreement on the defendants' behalf." (*Id.*)

Having determined that the settlement agreement should be enforceable as a matter of contract law, Magistrate Judge Pollak next turned to the question of whether the settlement agreement represented a "fair and reasonable compromise of Plaintiff's FLSA Claims" and whether the "requested fees and costs are reasonable." (*Id.*) Ultimately, Magistrate Judge Pollak found that, due to inconsistencies and deficiencies in the *Cheeks* letter and fee request, Plaintiff's motion for settlement approval and for attorney's fees should be denied without prejudice, and with leave

11

to file a formal motion for settlement approval and attorney's fees that rectifies the issues noted in her R&R.  (*Id.* at 22.)

## II. Defendant Agadjani's Objections

Defendant Agadjani submitted a letter objecting to Magistrate Judge Pollak's R&R on August 12, 2024, objecting principally to the finding that his then-attorney, Scott Himes, possessed the authority to settle the case.  (Obj. at 1-3.)  Defendant Agadjani also alleges, without supporting evidence, that his attorney "colluded with opposing counsel to expedite a settlement" and argues that the settlement agreement is unfair.  (*Id.* at 3-4.)  Defendant Agadjani further objects to the attorney's fees sought.  (*Id.* at 4.)

As an initial matter, the Court notes that Defendant Agadjani could have presented the e-mail and text messages that he claims show Scott Himes's lack of authority to Magistrate Judge Pollak in his opposition to Plaintiff's motion but failed to do so.  (*See* R&R at 12 ("While Mr. Agadjani claims that he consistently opposed settling the case for the amount stated by plaintiff, and he refers to 'email[s] and text messages' illustrating that he never agreed to the settlement, he did not describe or attach to his Countermotion these communications, nor did he file an affidavit or any other documentation in support of his claimed lack of consent.").)  Consequently, this Court is under no obligation to consider the evidence that Defendant Agadjani now includes as part

12

of his objections because the evidence was not before Magistrate Judge Pollak and Defendant Agadjani offers no explanation for his failure to present the evidence to Magistrate Judge Pollak. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") (internal quotation marks and citations omitted); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n. 3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"). Nonetheless, in light of Defendant Agadjani's *pro se* status, the Court will review his objections to Magistrate Judge Pollak's finding that Scott Himes had at least apparent authority to enter into the settlement agreement on the Defendants' behalf.

**A. An Attorney's Authority to Settle on Behalf of a Client**

The actions of a party's attorney are generally imputed to the party. *See United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976) ("This Circuit has rather consistently refused to relieve a client of the burdens of a final judgment entered against

13

him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or the rules of the court, or his inability to efficiently manage his caseload."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (describing "our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent"). Although a court "'presume[s] that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so,' this presumption is rebuttable." *Gomez v. City of New York*, 805 F.3d 419, 424 (2d Cir. 2015) (quoting *Pereira v. Sonia Holdings Ltd. (In re Artha Mgmt.)*, 91 F.3d 326, 329 (2d Cir. 1996)). Thus, if a party challenges the authority of his attorney to settle the case, he "bear[s] the burden of proving that [he] did not give him authority to settle the case." *In re Artha Mgmt., Inc.*, 91 F.3d at 329; *see also United States v. Int'l Bhd. of Teamsters*, 986 F.2d 15, 20 (2d Cir. 1993) ("The burden of proving that an attorney entered into a settlement agreement without authority is not insubstantial."). To meet that burden, a party must present "affirmative evidence" to show that a lawyer did not have that authority. *In re Artha Mgmt., Inc.*, 91 F.3d at 329.

The Second Circuit has held that an evidentiary hearing is required "[i]n circumstances where a former attorney and his client dispute the giving of authority." *Gomez*, 805 F.3d at 424 (quoting *Michaud v. Michaud*, 932 F.2d 77, 81 (1st Cir. 1991)). "[A]fter

14

such a hearing, of course, the court can resolve any conflict in the testimony; it may, for example, disbelieve the client. But such a determination cannot be made without first giving the client a fair opportunity to have his say." *Id.* (quoting *Michaud*, 932 F.2d at 81). Thus, the Court must resolve any conflicts in the testimony of the Defendants and their former counsel regarding counsel's settlement authority.

> **B. The Court Must Hold an Evidentiary Hearing Prior to Ruling on the Enforceability of the Settlement Agreement**

Notwithstanding Magistrate Judge Pollak's well-reasoned R&R, the circumstances of this case, including Defendant Agadjani's Objections to Magistrate Judge Pollak's R&R, raise a factual dispute concerning Defendants' attorneys' actual, apparent, or lack of authority to enter into a settlement on Defendants' behalf. At the February 7, 2024, conference discussing his then-attorneys' motion to withdraw as counsel, Defendant Agadjani stated "I didn't agree to a settlement" and explained that he was "in discussion with [Defendants' counsel] Mr. Miller[1] about the amounts but I never made a final agreement on anything." (ECF No. 46, Transcript of February 7, 2024, Hearing, at 7, 11-12.)  Similarly, in Defendant Agadjani's "counter motion" (which served as his opposition to Plaintiff's motion for enforcement of the settlement

---

[1] An attorney at Kishner Miller Himes, P.C., who also represented Defendants.

15

agreement), Defendant Agadjani stated that "Defendants . . . have consistently opposed settling the matter for the amount purported by Plaintiff." (Def. Opp. at 2.)

As provided by the Second Circuit, "[b]ecause the presumption that an attorney-of-record has authority to settle a case is rebuttable," the Court must therefore hold an evidentiary hearing to address Defendants' attorneys' authority to enter into a settlement agreement and dismiss Defendants' counterclaims. *Gomez*, 805 F.3d at 424. Defendant Agadjani's representations at the February 7, 2024, hearing, and those made in his subsequent "counter motion" are sufficient to warrant holding an evidentiary hearing prior to determining whether the settlement agreement is enforceable. *See id.* at 425 (requiring only a "colorable argument that [the party's] attorney lacked authority to settle" to necessitate resolution of the factual dispute through an evidentiary hearing).

Accordingly, the Court respectfully modifies Magistrate Judge Pollak's R&R and denies Plaintiff's motion to enforce the settlement agreement without prejudice to its being refiled following an evidentiary hearing to determine whether Defendants' attorneys had the authority to enter into a settlement agreement on Defendants' behalf. If Defendant Agadjani is able to rebut the presumption that his attorneys had the authority to enter into a settlement agreement on Defendants' behalf, the settlement

16

agreement will not be enforceable against either of the Defendants.

## CONCLUSION

For the reasons set forth above, the Court respectfully modifies Magistrate Judge Pollak's R&R and denies Plaintiff's motion to enforce the settlement agreement without prejudice to the motion being refiled after an evidentiary hearing on the authority of Defendants' former attorneys to enter into a settlement on Defendants' behalf.

The parties, including an authorized corporate representative of Defendant Trax (which may be Defendant Agadjani), are ordered to appear for an evidentiary hearing on **September 16, 2024, at 11:00am**, in Courtroom 6B South. Defendants' former attorneys Ryan Miller and Scott Himes shall also appear. The Court expects to hear testimony from Defendant Agadjani and his then-counsel, Ryan Miller and Scott Himes.

If the parties wish to submit evidence relevant to whether Defendants' former counsel had authority to settle this case on the terms specified, or to call other witnesses, they should so advise the Court no later than **September 11, 2024**. All exhibits shall be submitted by **September 11, 2024**. The Clerk of Court shall serve notice of the hearing on Defendants' former counsel via email. Defendants' former counsel shall provide Defendant Agadjani with a copy of this Order as well as notice of the hearing

17

and confirm on the docket that Defendant Agadjani was notified by **September 6, 2024.**

**SO ORDERED**

Dated:   September 5, 2024
         Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York